J. W. NORRIS, Petitioner, v. HUBERT UTTERBACK, Judge, Respondent.

INTOXICATING LIQUORS: Contempt—Liquors as Evidence. Intoxicating liquors which are seized upon the premises of a defendant in contempt proceedings are receivable in evidence even though they have not been "finally adjudicated and declared forfeited" under Ch. 42, 41 G. A.

Headnote 1: 33 C. J. p. 703 (Anno.)

Headnote 1: 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715; 15 R. C. L. 414.

*Certiorari to Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 23, 1926.

Certiorari· to review order punishing petitioner for contempt in violating a liquor injunction.—*Writ annulled.*

*John L. Sloane,* for petitioner.

*Russell Jordan,* for respondent.

FAVILLE, J.—The record discloses that, on the 27th day of June, 1917, petitioner was permanently enjoined by the district court of Polk County from maintaining a liquor nuisance. It appears from the record that, at a subsequent date, he pleaded guilty to a violation of said injunction, and was fined for contempt of court. On or about the 30th day of June, 1926, he was again cited for contempt of court for violation of said injunction. He entered a plea of not guilty, and upon trial he was adjudged to be in contempt, and the court ordered that he be committed to the county jail of Polk County for a period of six months.

The evidence discloses that the petitioner resides in the city of Des Moines, and on the 27th day of January, 1926, certain · officers searched the premises occupied by the petitioner and discovered 42 bottles of beer concealed behind a stairway. A bed was in front of the stairway, which was occupied by the petitioner at the time the search was instituted. An examination of the liquor by a chemist disclosed that it contained 7 per cent of alcohol by volume, and 5.6 per cent by weight. A sample of the liquor was offered in evidence.

I. Petitioner contends that the seized liquor was not admissible in evidence upon the trial of this contempt proceeding, because of the fact that it was not shown that said liquor had been finally adjudicated and declared forfeited by a court before it was so offered in evidence. Petitioner relies upon the provisions of Section 1, Chapter 42, of the Acts of the Forty-first General Assembly, which is as follows:

"That in all actions, prosecutions and proceedings, criminal or civil, under the provisions of Title VI of the Code of Iowa, 1924, the finding of intoxicating liquors or of instruments or utensils used in the manufacture of intoxicating liquors, or ma-

terials which are being used, or are intended to be used in the manufacture of intoxicating liquors, in the possession of or under the control of any person, under and by authority of a search warrant or other process of law, and which shall have been finally adjudicated and declared forfeited by the court, shall be prima-facie evidence, in any action, criminal or civil, of maintaining a nuisance or bootlegging, or of illegal transportation of intoxicating liquors, as the case may be, by such person.''

The section has no application to such a situation as is presented in the instant case. True, under the statute, if the liquor had been taken under search warrant or other process of law, and had been finally adjudicated and declared forfeited by the court, it would then, under the statute, be ''prima-facie evidence'' of maintaining a nuisance, or bootlegging, or illegal transportation of liquor. But, even though the statute, under such circumstances, makes the condemned liquor prima-facie evidence of the things named in the statute, it by no means is to be construed as prohibiting the admission of the liquor in evidence in a proper case even though it has not been condemned, and is not, under the statute, ''prima-facie evidence.'' The identity of the liquor and its connection with the petitioner having been established, it was properly admissible in evidence under this proceeding. *State v. Kingsbury*, 191 Iowa 743.

II. The wife of the petitioner testified that she made the beer in question, and that she owned it, and that the petitioner did not own the beer. He was not a witness in his own behalf, and admissions made by him to the police officers at the time of his arrest tended to show his ownership of the beer. The finding of the trial court that the petitioner was in contempt has support in the evidence. We will not disturb it on certiorari, upon this record.

The writ of certiorari is annulled, and the judgment appealed from is—*Affirmed*.

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.